IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AmTrust International Underwriters Limited,<br><br>         Plaintiff,<br><br>vs.<br><br>Game Truck Licensing, LLC, et al.,<br><br>         Defendants. | No. CV-15-01531-PHX-SPL<br><br>**ORDER** |

      On August 7, 2015, Plaintiff AmTrust International Underwriters Limited filed a Complaint (Doc. 1) commencing this case against Defendants Game Truck Licensing, LLC, Double Jigi, LLC, Jay Chernikoff, and Scott Roger Novis.

      Because the Court's docket showed no evidence that any of the four defendants had been served, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 10.) On November 24, 2015, Plaintiff filed proof of service (Doc. 11) declaring that service had been accomplished on Defendants Game Truck Licensing, LLC and Double Jigi, LLC in August 2015. Neither defendant having filed an answer, the Court again ordered Plaintiff to show cause in writing why those defendants should not be dismissed for failure to prosecute. (Doc. 12.) The Order also noted that proof of service had not been filed as to Defendants Jay Chernikoff and Scott Roger Novis.

      In response, Plaintiff: (1) asserted that a resolution of this case had been reached as to Defendants Game Truck Licensing, LLC and Double Jigi, LLC (Doc. 14); (2)

sought an extension of time to serve Defendant Jay Chernikoff (Doc. 13); and (3) entirely failed to address service as to Defendant Scott Roger Novis. In turn, the Court dismissed Novis, provided a limited extension of time to serve Chernikoff, and otherwise informed Plaintiff that it had until January 29, 2016 "to either move forward with regard to the remaining defendants, or voluntarily dismiss this case." (Doc. 15.)

Plaintiff has now filed a Request (Doc. 17), seeking to reset this matter on this Court's calendar. Plaintiff however, offers no persuasive reasoning why it should be permitted an additional opportunity to finally prosecute this case. Plaintiff merely "notifies the Court that it has reached a stipulation with Scott Novis and Game Truck Licensing, LLC regarding the insurance coverage issues in this case;" Defendant Double Jigi, LLC has not filed a responsive pleading;" and since having served him, "Mr. Chernikoff and counsel for Amtrust have had additional communications… and anticipate future communications [] regarding how to move this case forward." (Doc. 17 at 1-2.) Yet, as previously discussed, Novis has already been dismissed from this case. Plaintiff previously informed the Court that it had reached a resolution with Game Truck and Double Jigi, but it has taken no action as to those parties. Likewise, Plaintiff indicates only that it intends to continue to communicate with Chernikoff "regarding how to move this case forward." Because Plaintiff has failed to prosecute this action and has not provided any compelling indication that it will in the future, this case will be dismissed.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The district court also has the inherent power to dismiss a case *sua sponte* for failure to prosecute, for failure to comply with court orders, or for failure to follow the local rules. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) (recognizing that even though the language of Rule 41(b) requires a motion, the district court has *sua sponte* power to dismiss for failure to prosecute); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to comply with local rules is a proper ground for dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district

court may dismiss an action for failure to comply with an order of the court); *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990). In determining whether dismissal is appropriate, the Court weighs "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali,* 46 F.3d at 53 (citation omitted).

Having considered the five factors here, the Court concludes that dismissal is warranted. While public policy favors disposition of cases on their merits, *see Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), this factor is outweighed by Plaintiff's failure to prosecute this action in any meaningful way, compounded by its noncompliance with the Court's orders. *See Link*, 370 U.S. at 629-30 (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1452 (9th Cir. 1994) ("the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure") (internal quotation omitted). This case remains indefinitely stalled, and Plaintiff's ongoing inaction demonstrates that dismissal is warranted. Undertaking any lesser measure would be unavailing. While dismissal itself is a drastic sanction, *see Ferdik*, 963 F.2d at 1260, dismissal without prejudice is available and appropriate in this case. Accordingly,

**IT IS ORDERED** that the Request (Doc. 17) is **denied**.

**IT IS FURTHER ORDERED** that this case is **dismissed without prejudice** and that the Clerk of Court shall **terminate** this action.

Dated this 1st day of February, 2016.

Honorable Steven P. Logan
United States District Judge